UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| **DAIRYLAND INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MCCARTHUR SULLIVAN,** | ) | |
| | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | 2:16-cv-00050-JDL |
| | ) | |
| **HUMBERTO BARROS, RAVI RAMDEO,** | ) | |
| **KAYLEE BABB, and TOWN OF** | ) | |
| **BOURNE,** | ) | |
| | ) | |
| Parties-In-Interest. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON COMPLAINT FOR DECLARATORY JUDGMENT, EQUITABLE RELIEF, AND BREACH OF CONTRACT AGAINST IDENTIFIED PARTIES-IN-INTEREST**

This action seeks a declaratory judgment that Plaintiff Dairyland Insurance Company ("Dairyland") is entitled to statutorily and equitably rescind various policies of insurance issued to Defendant McCarthur Sullivan and a judgment declaring that Dairyland has no obligation under the various policies of insurance issued to Sullivan to defend or indemnify him or any of the Parties-In-Interest driving his vehicles at the times of certain referenced accidents.  *See* ECF No. 1.

A summons and copy of the Complaint were served upon Parties-In-Interest Humberto Barros and Kaylee Babb, as set forth in Dairyland's motion.  ECF No. 51 at 1-2.  Entries of default have been entered as to both.  ECF No. 44; ECF No. 49.

Neither party has since answered the complaint or in any way responded to the summons.

Dairyland filed a Motion for Default Judgment on its Complaint for Declaratory Judgment, Equitable Relief, and Breach of Contract against Barros and Babb on June 27, 2016.  ECF No. 51.  There has been no opposition or other objection to the Motion filed by any party of record.  Default judgment against Barros and Babb will fully and finally determine that they have no right to any liability insurance proceeds or defense and/or indemnification, respectfully, at issue in the Complaint.  Default judgment on the Complaint will allow the claims against the only named defendant, McCarthur Sullivan, to move forward more efficiently and with fewer parties. Default judgment on the Complaint is also appropriate due to the fact that Sullivan and Dairyland are the only parties in this matter that have admissible first-hand knowledge of the determinative matters at issue.  Resolution of the determinative matters at issue will be dictated by testimony and evidence from Sullivan and Dairyland, and not by testimony and evidence submitted by Barros or Babb.

Because a default judgment against the identified Parties-In-Interest on the Complaint would be declaratory in nature, the Court can enter judgment against Barros and Babb without resorting to a hearing.  *See* Fed.R.Civ.P. 55(b)(2)(A)-(D) (listing potential reasons a court might need to hold a hearing on default judgment, not applicable in this case).

Dairyland's Motion for Default on its Complaint against Parties-In-Interest Humberto Barros and Kaylee Babb is hereby **GRANTED**. I hereby order, in accordance with Federal Rule of Civil Procedure 55(b) that,

> 1. Plaintiff Dairyland Insurance Company is entitled to rescind policy numbers 195564154, 190074250, 190074821, 194562633, 190073516, 190074877, 194561095, 194564275, and 194566905, pursuant to 24-A M.R.S.A. § 2411;
>
> 2. Plaintiff Dairyland Insurance Company is entitled to rescind policy numbers 195564154, 190074250, 190074821, 194562633, 190073516, 190074877, 194561095, 194564275, and 194566905, pursuant to equitable rescission; and
>
> 3. Plaintiff Dairyland Insurance Company has no obligation under policy numbers 195564154, 190074250, 190074821, 194562633, 190073516, 190074877, 194561095, 194564275, and 194566905 to provide any defense or indemnity to Defendant or any of the Parties-In-Interest driving the Defendant's vehicles at the times of the referenced accidents.

This Order shall be binding against only those Parties-In-Interest identified herein and shall have no effect on Defendant McCarthur Sullivan, or Parties-In-Interest Town of Bourne and Ravi Ramdeo's ability to contest the claims, unless otherwise ordered by this Court.

**SO ORDERED.**

**Dated this 30th day of August 2016.**

                                                              **/s/ JON D. LEVY**
                                                            **U.S. DISTRICT JUDGE**