# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DAIRYLAND INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MCARTHUR SULLIVAN, | ) |
| | ) 2:16-cv-00050-JDL |
| Defendant. | ) |
| | ) |
| and | ) |
| | ) |
| RAVI RAMDEO, | ) |
| | ) |
| Party-in-Interest | ) |

## ORDER ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In this action, the Plaintiff, Dairyland Insurance Company ("Dairyland") seeks to rescind certain automobile insurance policies that it issued to the Defendant, McArthur Sullivan, alleging that Sullivan made material fraudulent representations in his application for insurance. Dairyland also seeks a declaration stating that it is relieved of any obligation to provide insurance coverage, including defense or indemnification.

The matter is before the court on Dairyland's Motion for Summary Judgment (ECF No. 76). Sullivan did not file an opposition to the motion or respond to Dairyland's Statement of Material Facts (ECF No. 77). For the reasons explained below, Dairyland's motion is granted.

## I. FACTUAL BACKGROUND

Local Rule 56 directs that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(f). Because Sullivan did not file a response to Dairyland's Statement of Material Facts or otherwise controvert the facts contained in it, those facts are deemed admitted. Accordingly, I incorporate by reference paragraphs 1 through 40 of Dairyland's Statement of Material Facts.

## II. SUMMARY JUDGMENT STANDARD

### A. Federal Rule of Civil Procedure 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Ahmed v. Johnson*, 752 F.3d 490, 495 (1st Cir. 2014). "A dispute is genuine if 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party.'" *Johnson v. Univ. of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013) (quoting *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has potential to determine the outcome of the litigation." *Id.* (citing *Maymí v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008)).

In determining whether a party moving for summary judgment has met its burden, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007). Once the

moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." *Id.* (citing *Clifford v. Barnhart,* 449 F.3d 276, 280 (1st Cir. 2006)) (internal quotation marks and emphasis omitted); Fed. R. Civ. P. 56(c). "[A]s to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *In re Spigel*, 260 F.3d 27, 31 (1st Cir. 2001) (internal quotation and citation omitted).

**B.    Local Rule 56**

The evidence that the court may consider in deciding whether genuine issues of material fact exist for purposes of summary judgment is circumscribed by the local rules of this district. *See* Loc. R. 56. The moving party must first file a statement of material facts that it claims are not in dispute. *See* Loc. R. 56(b). Each fact must be set forth in a numbered paragraph and supported by a specific record citation. *See id.* The court may disregard "any statement of fact not supported by a specific citation to record material properly considered on summary judgment" and has "no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Loc. R. 56(f); *see also, e.g., Packgen v. BP Exploration, Inc.,* 754 F.3d 61, 70 (1st Cir. 2014); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]").

## III. DISCUSSION

### A. Count One: Rescission of the Policies Under 24 M.R.S.A. § 2411

Section 2411 of the Maine Insurance Code, 24-A M.R.S.A. §§ 1-7305 (2017), governs statements made in an application for insurance and provides that an insurer may deny recovery if it has proof of a misrepresentation, omission, or concealment that was both fraudulent and material to the acceptance of the risk. *N. E. Ins. Co. v. Young,* 2011 ME 89, ¶ 18, 26 A.3d 794; *see also Liberty Ins. Underwriters, Inc. v. Estate of Faulkner,* 2008 ME 149, ¶ 14, 957 A.2d 94 ("Title 24-A M.R.S. § 2411 requires an insurer to prove both fraud and materiality in an action for rescission of an insurance policy."). The undisputed facts contained in the record establish both of the required elements.

#### 1. Fraudulent Misrepresentation

To establish a fraudulent misrepresentation, a plaintiff must produce clear and convincing evidence: "(1) of a false representation; (2) of a material fact; (3) with knowledge or reckless disregard of its falsity; (4) for the purpose of inducing [another] to act in reliance; and (5) actual reliance." *Randall v. Conley,* 2010 ME 68, ¶ 12, 2 A.3d 328 (citation omitted); *see also Dowling v. Bangor Hous. Auth.,* 2006 ME 136, ¶ 16, 910 A.2d 376.

The undisputed facts contained in Dairyland's Statement of Material Facts and in Sullivan's own affidavit establish the following: In April 2013, Sullivan submitted an application for a Maine automobile insurance policy with Dairyland. In his application, Sullivan knowingly and willfully misrepresented that he was a resident of Wales, Maine, and that he principally garaged the vehicles he sought to

4

insure in Wales, Maine. In fact, Sullivan primarily resided and garaged the vehicles he sought to insure in the Commonwealth of Massachusetts, a fact he did not disclose in the application. Moreover, Sullivan admits that he made these misrepresentations with knowledge of their falsity and for the purpose of securing an automobile insurance policy at a lower premium rate than he would have been charged if he had disclosed that the vehicles were garaged in Massachusetts. Sullivan also admits that he understood that Dairyland was relying on the information he supplied to determine whether to accept the insurance risk and to set the premium rate of his insurance policy. It is also undisputed that Dairyland in fact relied on the information that Sullivan provided in his application when it issued multiple Maine automobile insurance policies to him between April 2013 and October 2015 (policy numbers 195564154, 190074250, 190074821, 194562633, 190073516, 190074877, 194561095, 194564275, and 194566905).

These facts establish that Sullivan made false representations of material facts—his residence and the location of the vehicles that he sought to insure—on his insurance application with knowledge of their falsity, and that Sullivan made the misrepresentations to induce Dairyland into issuing him Maine automobile insurance policies. These facts also establish that Dairyland in fact relied upon Sullivan's misrepresentations when it issued the insurance policies.

Because the facts above are undisputed, pursuant to Local Rule 56(f), I conclude that Dairyland has satisfied the fraudulent misrepresentation element of a claim under 24-A M.R.S.A. § 2411.

### 2. Materiality

To satisfy the materiality requirement of § 2411, a plaintiff must establish that "the facts, if truly stated, would have influenced a reasonable insurer in deciding whether to accept or reject the risk of entering into the contract, in fixing the premium rate, in fixing the amount of insurance coverage, or in providing coverage with respect to the hazard resulting in the loss." *York Mut. Ins. Co. v. Bowman,* 2000 ME 27, ¶ 9, 746 A.2d 906. A plaintiff must also offer proof of actual reliance in order to rescind an insurance policy. *Liberty Ins. Underwriters, Inc.*, 2008 ME 149, ¶¶ 19, 20, 957 A.2d 94.

It is undisputed that the information requested by Dairyland and supplied by Sullivan was material to Dairyland's decision to accept the risk that it was insuring. Dairyland does not issue personal automobile insurance policies to individuals primarily residing in or principally garaging their vehicles in Massachusetts, and classifies as an "unacceptable risk" drivers who do not reside in the rating state at least ten months per year. This undisputed evidence supports the conclusion that, without Sullivan's admitted misrepresentations regarding his primary residence and the principal location of his vehicles, Dairyland would not have issued him a personal automobile insurance policy.

### 3. Conclusion

Dairyland has satisfied both the fraudulent misrepresentation and materiality requirements for a claim under 24-A M.R.S.A. § 2411, and, therefore, rescission of Sullivan's individual automobile insurance policies is appropriate. Dairyland's motion for summary judgment is granted with regard to Count One of the Complaint.

**B.     Count Two:  Rescission of the Policies Under Equitable Principles**

Dairyland also argues in Count Two of the Complaint that it is entitled to rescind Sullivan's automobile insurance policies under equitable principles.  In light of my conclusion with regard to Count One, i.e., that Dairyland may rescind the policies under 24-A M.R.S.A. § 2411, I conclude that it is not necessary to address Count Two and I deny it as moot.

**C.     Count Three:  Declaratory Relief**

In Count Three of its Complaint, Dairyland argues that under the terms of the policies it issued to Sullivan, it is entitled to a declaration relieving it of any obligation to provide insurance coverage to him, including defense or indemnification.

The policies issued by Dairyland state that "[i]f you have made any false statement in your application, this policy may not provide any coverage."  ECF No. 80-4; *see also* ECF No. 80-5.  The policies also state that:

> This policy is issued by us in reliance upon the statements which you made in your application for insurance. . . . We rely upon you to provide us with accurate information. . . . If you have made any misrepresentations in your application or when subsequently asked, this policy may not provide any coverage.

ECF No. 80-5 (emphasis omitted).  Additionally, amendments to the policies state that:

> If you misrepresent any fact or circumstance that affects the eligibility of a risk, contributes to a loss, we reserve the right to deny coverage. This also applies if the misrepresentation results in a premium lower than that which would have been charged if true and complete representations had been made.

7

ECF No. 80-6 (emphasis omitted); *see also* ECF No. 80-7.  Finally, Sullivan's application also contains the following statement:

> It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines, *or a denial of insurance benefits*.

ECF No. 74 at 3, ¶ 13 (emphasis added).

Dairyland argues that in light of Sullivan's admitted misrepresentations, the policy language quoted above relieves it of its obligation to provide insurance or to indemnify or defend Sullivan.

"An insurer's duty to defend is a question of law that is determined by comparing the allegations in [an] underlying complaint with the provisions of the insurance policy." *N.E. Ins. Co.,* 2011 ME 89, ¶ 13, 26 A.3d 794 (quoting *Comm. Union Ins. Co. v. Alves,* 677 A.2d 70, 72 (Me. 1996)).  An insurer normally cannot avoid the duty to defend its insured before an underlying action has concluded, even if ultimately there is no duty to indemnify.  *See id.* at ¶ 14 (quoting *Patrons Oxford Mut. Ins. Co. v. Garcia,* 1998 ME 38, ¶ 6, 707 A.2d 384).  However, a declaratory judgment action may be appropriate where "nonpayment of a premium, cancellation of a policy, failure to cooperate or lack of timely notice" are at issue.  *See Garcia,* 1998 ME 38, ¶ 7, 707 A.2d 384; *see also N.E. Ins. Co.,* 2011 ME 89, ¶ 15, 26 A.3d 794.  This is because in such circumstances "the coverage dispute depends entirely on the relationship between the insurer and the insured, not on facts to be determined in the underlying litigation."  *Garcia,* 1998 ME 38, ¶ 7, 707 A.2d 384.  Dairyland's request for a declaration concerns only its relationship with Sullivan; there is no other

underlying litigation. Therefore, it is appropriate for me to consider Dairyland's obligation to defend and indemnify Sullivan. *See N.E. Ins. Co.,* 2011 ME 89, ¶ 16, 26 A.3d 794.

In light of my conclusion as to Count One, above, as well as the undisputed record and Sullivan's admitted misrepresentations in his insurance application, Dairyland's request for a declaration relieving it of a duty to defend or indemnify Sullivan is appropriate. Therefore, Dairyland's Motion for Summary Judgment is granted as to Count Three of the Complaint.

## IV. CONCLUSION

For the reasons explained above, Dairyland's Motion for Summary Judgment (ECF No. 76) is **GRANTED** as to Count One and Count Three and **DENIED AS MOOT** with regard to Count Two.

**SO ORDERED.**

**Dated this 3rd day of March 2017.**

                                                       /s/ JON D. LEVY
                                             **U.S. DISTRICT JUDGE**